UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,
         Plaintiff,

     v.                                       Case No. 04-CR-241

NING WEN, HAILIN LIN, JIAN GUO QU
and RUO LING WANG,
         Defendants.

---

**ORDER GRANTING EXTENSION AND MOTION TO BIFURCATE AND DENYING MOTION TO ADJOURN TRIAL AND FOR CHANGE OF VENUE**

---

      This case is before me on the government's motion to adjourn the trial date and its objection to that portion of Magistrate Judge Aaron E. Goodstein's order of July 20, 2005, denying the government's request for an extension of time in which to respond to Defendant Ning Wen's motion to dismiss Count One of the Second Superseding Indictment. (Docket # 181.) I conclude that the government's request for an extension of time of time should be granted. Although it is possible the extension will delay the trial, I conclude the motion to adjourn is premature. Accordingly, the motion to adjourn the trial will be denied without prejudice. Two other motions are also pending and will be addressed herein: Wen's motion to bifurcate the asset forfeiture portion of the action from the criminal trial, which will be granted, and Wen's motion to change venue because of pretrial publicity, which will be denied.

      On October 13, 2004, a grand jury in this district returned an eight-count Indictment charging United States citizens Ning Wen, his wife Hailin Lin, and Chinese nationals Jian Guo Qu and Ruo Ling Wang with conspiracy to commit offenses against the United States and related export and money-laundering violations. Magistrate Judge Aaron E. Goodstein was assigned to conduct

pretrial proceedings. With the exception of Wen, all of the other defendants have entered into plea agreements with the government and have either already been sentenced or are awaiting sentencing. Wen's trial is scheduled to commence on September 14, 2005.

On July 8, 2005, Wen moved to dismiss Count One of the Superseding Indictment or, alternatively, to strike portions thereof, on the ground that he was entitled to diplomatic immunity as a Consular Officer for the Peoples Republic of China for part of the time during which the conspiracy to violate United States export restrictions is alleged to have occurred. The motion is based upon documentation Wen had obtained pursuant to a subpoena served on the United States Department of State on May 12, 2005. On May 20, 2005, Wen obtained from Magistrate Judge Goodstein an *ex parte* order directing the State Department to respond to the subpoena by May 27, 2005, and prohibiting the State Department from communicating with any of the attorneys from the United States Attorney's Office for the Eastern District of Wisconsin assigned to prosecute the case. Disclosure to counsel for the government who was prosecuting the case, the magistrate judge ruled, "would undercut the reasons the defendant sought confidentiality in the first instance." (Docket # 148.)

The government was originally ordered to file its response to Wen's motion to dismiss by July 21, 2005. As the affidavit filed by Assistant United States Attorney Erica N. O'Neil makes clear, the government was not aware of the motion, which was filed after regular business hours on Friday, July 8, until Monday, July 11. Ms. O'Neil then attempted to contact the Department of Justice, Office of International Affairs (OIC), for assistance evaluating the merits of Wen's claim and formulating a response. The government contends that the determination by the State Department as to whether Wen's actions were official acts is dispositive, or nearly so, of the question of whether he is entitled to diplomatic immunity for any of the acts alleged in the

2

indictment. In order to obtain a determination from the State Department, however, it is necessary to provide the State Department information concerning the case. The government contends that because of the order prohibiting communication between the State Department and the prosecuting attorney, the State Department was unable to obtain the information needed to make the determination initially. It was not until July 18, 2005, that Ms. O'Niel learned of the secrecy order. She promptly moved to have the confidentiality provision vacated, and on July 19, 2005, Judge Goodstein vacated the confidentiality provision.

Still unsure that it could discuss the case with the prosecuting attorneys, the State Department requested a further order from Judge Goodstein. Finding the government's Second Request To Vacate entirely unnecessary in light of its previous order, Judge Goodstein denied the motion as frivolous on July 20, 2005, and also denied the government's request for a further extension to file its response to August 1, 2005. In denying the government's request for a further extension, Judge Goodstein found that the government had failed to show good cause for a further extension and, given the trial date of September 14, 2005, concluded that a further extension would reduce the already short time frame within which he would be required to make a recommendation to the court. Despite his finding that an extension to August 1, 2005, was not justified, however, Judge Goodstein did grant the government until July 28, 2005, to file its response.

The government now seeks an extension until August 18, 2005, to respond to the defendant's motion to dismiss. Since the confidentiality provision of Judge Goodstein's previous order was vacated on July 19, 2005, this would give the government a total of approximately thirty days within which to obtain the State Department's determination and prepare its response. The government contends that a thirty day period is reasonably necessary to complete the process of review by the State Department that is required to determine whether the acts Wen is alleged to have

3

engaged in during the time he was a Consular Officer for the Peoples Republic of China were in his official capacity and thus immune from criminal prosecution.

Implicit in the government's request is its contention that Wen would be entitled to diplomatic immunity only for his official acts. Wen, on the other hand, seems to suggest that he is entitled to full immunity for all acts while he was a consular officer. For a discussion of the difference between full and functional diplomatic immunity, see *Tachiona v. United States*, 386 F.3d 205, 216-19 (2d Cir. 2004). Neither party has sufficiently addressed this issue in their briefs, however, to permit resolution of that issue at this point. Presumably, such a discussion will be part of the government's response, should it oppose Wen's motion. And if the test is a functional one, as the government suggests, the need to consult closely with the State Department and consider the specific facts of this case is understandable.

Under these circumstances, I find good cause to grant the government's request for an extension. It is clear from reading Judge Goodstein's order that he was properly concerned about maintaining the trial date this court had set for the case. But notwithstanding the desire to maintain the trial date currently set for this matter, I conclude that the complexity of the issues raised by Wen's motion and the inter-departmental confusion resulting from the confidentiality provisions of the magistrate judge's order, warrant additional time for the government to formulate its response.

Granting the government's request may, of course, necessitate an adjournment of the trial date. But it is premature at this time to grant an adjournment. If the government opposes Wen's motion and the issue cannot be resolved in time for trial on that date, an adjournment can be considered at that time. If, on the other hand, the government ultimately concludes that Wen is entitled to diplomatic immunity for some or all of the acts alleged in Count One of the Indictment,

4

it may be possible to proceed to trial on September 14, 2005. Accordingly, the motion to adjourn will be denied but without prejudice. The question of adjournment can be revisited once the government files its response.

As to the remaining motions, Wen's motion to bifurcate the asset forfeiture portion of the case from the criminal liability portion is granted. Both parties are in agreement that bifurcation would serve the interests of judicial economy, due process and fundamental fairness. Each may seek to offer additional evidence at the forfeiture stage which would not be admissible or relevant at the guilt stage. For these reasons and based on the agreement of the parties, Wen's motion to bifurcate (Docket # 152) will be granted.

Wen's motion to transfer venue because of pretrial publicity, however, will be denied. The publicity concerning this case has been neither extensive nor inflammatory. It is certainly not sufficient to satisfy the court that Wen could not receive a fair trial in this district. Jurors can be questioned about pretrial publicity during voir dire. If it appears at that time that a fair, impartial and untainted jury cannot be selected, Wen may renew his motion at that time. Based on the record as it now stands, however, his motion to transfer venue (Docket # 154) is denied without prejudice.

**SO ORDERED.**

Dated this 29th day of July, 2005.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge