UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

  v.                                   Case No. 04-CR-241

**NING WEN,**
**HAILIN LIN,**
**JIAN GUO QU, and**
**RUO LING WANG,**

        Defendants.

---

### RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH ON WEN'S MOTION TO DISMISS BASED ON DIPLOMATIC IMMUNITY AND ORDER ON WEN'S ALTERNATIVE MOTION TO STRIKE

---

      On August 9, 2005, the grand jury returned a nine-count, third superseding indictment ("indictment") against Ning Wen ("Wen"). The other three defendants named in this case pleaded guilty to charges contained in previous indictments, and Wen is the only defendant scheduled to proceed to trial. The first count of the indictment charges Wen with conspiracy to violate export restrictions. Counts two and three charge Wen with exporting restricted items to the People's Republic of China ("China"), without the required export license. Counts four and five charge Wen with making false representations about the value of exported shipments. Counts six through eight charge Wen with money laundering, and Count nine alleges that Wen made false statements to Federal Bureau of Investigation agents in conjunction with this investigation.

      On July 8, 2005, Wen filed a "Motion to Dismiss Count One, or in the Alternative to Strike Paragraphs 1, 6, 8, 12, and 13 of the Superseding Indictment." Based on Wen's need to subpoena

documents relevant to his motion and the government's need to consult with the Department of State before filing its response brief, this motion was subject to a separate briefing schedule. All other pretrial motions have already been addressed, either by this court court or by the trial court, and only the motion to dismiss and alternative motion to strike remain pending. The pleadings as to these motions closed on August 22, 2005, and they are now ready for resolution. A jury trial is scheduled to commence before the Honorable William C. Griesbach on September 14, 2005, with a final pretrial conference set for September 2, 2005.

### MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE

As grounds for his motion to dismiss and alternative motion to strike, Wen claims that he was entitled to the protection of diplomatic immunity from December 9, 1987 to March 4, 1992 because of his position as Consular Officer for the Peoples Republic of China ("Consular"). The indictment that was in place when Wen filed his motions charged Wen with conspiracy during part of the time that Wen claims immunity. The particular paragraphs specified in Wen's motion to strike contain dates during the aforementioned period.

On August 19, 2005, the grand jury returned a third superseding indictment, which alleges conduct occurring after March 16, 1992 only. March 16, 1992 (rather than March 4, 1992) is date that the government claims Wen's Consular status came to an end. (Gov. Resp. 2, n. 1.). In view of the third superseding indictment, this court concludes that Wen's motion to strike is moot, since the challenged references to certain time periods is no longer contained in the most recent indictment.

As to Wen's motion to dismiss, however, the parties are in dispute as to the manner in which it should be resolved. The government claims that the motion to dismiss should be denied on the merits because any protection of diplomatic immunity that applied to Wen necessarily terminated on

2

March 16, 1992, the date that Wen's term as a Consular ended. (Gov. Resp. 4-5.). This position is based on the premise that diplomatic immunity extends to acts performed in an official capacity only and that Wen could not have acted in official capacity while no longer a Consular. (Gov. Resp. 4-5.).

Wen claims that there is no basis for denying his motion to dismiss on the merits and that the third superseding indictment rendered the motion to dismiss moot. As grounds, Wen submits that the extent of his diplomatic immunity can only be derived from international treaties between the United States and China, and not from the cessation of his service as Consular itself. (Wen Reply 2.). Accordingly, Wen asks that the court decline the government's proffered legal claims and factual conclusions, as they are based on general principles about diplomatic immunity and not the appropriate international treaties. (Id.).

## ANALYSIS

Aside from whether the motion to dismiss should be denied on the merits, it appears that the parties are largely in agreement. Both parties agree that Wen's motion to dismiss is no longer applicable and—at a minimum—that it, together with the alternate motion to strike, is moot in light of the most recent indictment. In addition, both parties submit that whether particular pre-March 16, 1992 conduct of the defendant should be admitted into evidence will most efficiently be handled by way of subsequent pretrial motions. (Wen Reply 2; see Gov. Resp. 5 (contemplating a proffer based on Federal Rule of Evidence 404(b) or the doctrine of "intricately related" evidence).). As such, there is no need at this time to address the merits of the motion to dismiss. Accordingly, the court will recommend that the motion to dismiss be denied and will deny the motion to strike, both of which are now moot. Narrower challenges that Wen may have as to the admissibility of particular conduct will

3

be addressed by the trial court, based on the foundation laid and the proffer presented by the government.

For all of these reasons, the court now enters the following order and recommendation on Wen's motions:

**IT IS THEREFORE ORDERED** that Wen's motion to strike portions of count one based on diplomatic immunity is **denied as moot.**

**IT IS THEREFORE RECOMMENDED** that Wen's motion to dismiss based on diplomatic immunity be **denied as moot.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>24th</u> day of August, 2005

                                        s/AARON E. GOODSTEIN
                                        United States Magistrate Judge