UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                          Case No. 04-CR-241

NING WEN,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO
STRIKE, DISMISS OR SEVER COUNT 9**

On October 13, 2005, a grand jury in this district returned an eight-count indictment charging United States citizens Ning Wen and his wife Hailin Lin, and Chinese nationals Jian Guo Qu and his wife Ruo Ling Wang with conspiracy to commit offenses against the United States and related export and money laundering violations. On March 22, 2005, a superseding indictment was returned which removed the sentencing allegations of the original indictment and made several changes to the language in Counts Four and Five. On July 12, 2005, a second superseding indictment was returned, which removed co-defendant Hailin Lin, Jian Guo Qu and Ruo Ling Wang, and made several substantive changes to the existing counts. It also added Count 9, which alleges false statements to the FBI in violation of Title 18, United States Code, Section 1001. A third superseding indictment was returned on August 9, 2005. That indictment changed the scope of the conspiracy charge by limiting the allegations to acts occurring after March 16, 1992.

On August 23, 2005, defendant Wen filed two pretrial motions directed at Count 9. The first is a motion to strike certain portions, or in the alternative, to dismiss Count 9. The second motion seeks to sever Count 9 from the other counts and requests a separate trial. The government has filed its response to the motions and they are now ripe for decision. For the reasons that follow, both motions will be denied.

## MOTION TO STRIKE OR DISMISS COUNT 9

Count 9 of the third superseding indictment charges that Wen knowingly and willfully made false, fraudulent and fictitious material statements and representations to the agents from the Federal Bureau of Investigation (FBI). The allegedly false representations were:

> 1) Wen only obtained computer chips from Qu one or two times prior to March 16, 1992;
> 2) Wen Enterprises' profit is only five percent on items sold to BRLE; and
> 3) Wen Enterprises is in compliance with all tax laws.

According to the indictment, at the time the above statements were made the defendant knew that the statements were false.

In his motion to strike or dismiss, Wen first argues that the latter two statements involved matters relating to Wen Enterprises and its compliance with tax laws. Because the FBI has no jurisdiction over tax matters, Wen argues that the statements were not within the FBI's jurisdiction and thus cannot serve as a basis for a violation of 18 U.S.C. § 1001. Wen cites *United States v. Isaacs*, 493 F.2d 1124 (7th Cir. 1974) in support of his argument. However, *Isaacs* provides no help to Wen on this issue. The question in *Isaacs* was whether § 1001 extended to statements made to agents who "had no power to adjudicate rights, establish binding regulations, compel the action

2

or finally dispose of the problem giving rise to the inquiry." 493 F.2d at 1157. The narrow reading of the statute, upon which the defendant's argument in *Isaacs* was based, had some support in the language of an earlier version of the statute, but had been rejected by the Seventh Circuit in previous cases. Likewise, in *Isaacs*, the Seventh Circuit rejected the narrow construction advanced by the defendant, a position that the Supreme Court affirmed in *United States v. Rogers*, 466 U.S. 475 (1984). In any event, *Isaacs* has nothing to do with the argument Wen makes here. Wen's argument is that the false statements purportedly made by him cannot serve as the basis for a violation of § 1001 because an FBI agent has no jurisdiction over tax matters. Wen contends that the IRS, through its criminal investigation unit, is the only federal agency that can investigate potential criminal violations of the Internal Revenue Code. (Mem. in Supp. at 4).

Even assuming that Wen's construction of § 1001 is correct, this would not mean that his purported statements to an FBI agent cannot serve as a basis for prosecution under § 1001. While such statements may have been relevant to a possible tax violation, they may also have relevance and materiality to the money laundering investigation and Wen's overall knowledge of the enterprise itself. In other words, the fact that Wen's statement might be material to IRS violations does not mean they might not also be material to investigation of other crime directly within the purview of the FBI.

Wen argues, however, that the statements attributed to him were not material to the FBI investigation. In support of this argument, he relies on *United States v. DeFonzo*, 603 F.2d 1260 (7th Cir. 1979). In *DeFonzo*, the court held that a false statement submitted in response to a request of the Security and Exchange Commission (SEC) was material because it was "both capable of influencing the agencies decision." Wen argues here that the statements attributable to him could

3

not have influenced the agency's decision since the government had already filed a complaint against him in the United States District Court, and the statements did not completely exonerate him.

But there is no requirement that a statement must precede the charging decision or that it completely exonerate the defendant in order to support a charge under § 1001. The question is whether the statement is false and material to the investigation. Materiality is one of the elements the government must prove and a jury must find in order for Wen to be found guilty. *See* Seventh Circuit Pattern Jury Instruction 18 U.S.C. § 1001 (making a false statement or representation–Elements). *See also United State v Gaudin*, 515 U.S. 506, 512 (1995)(holding that issue of materiality is a jury question). Materiality can seldom be determined in a vacuum. Since no evidence has yet been presented in this case, that is in fact what the court is confronting. On this record, I see no basis for either striking any of the allegations of Count 9 or dismissing the charge itself. Accordingly, defendant's motion is **DENIED.**

**MOTION TO SEVER**

Defendant's second motion seeks to sever Count 9 from the remaining counts and asks that it be tried separately. In support of this argument, Wen first contends that Count 9 was improperly joined to the other counts. Under Fed. R. Crim. P. 8(a), Wen notes that an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Count 9 of the third superseding indictment, he contends, is not of the "same or similar character" as would authorize joinder under Rule 8(a). Counts 1 through

4

8 concern substantive counts relating to the alleged export law and money laundering conspiracies, whereas Count 9 involves alleged false statements that were made after Wen's arrest and were clearly not in furtherance of the conspiracy alleged. Since there is no common bond between the offenses, Wen argues joinder is improper.

The Seventh Circuit noted in *Isaacs*, the same case cited earlier, that "commonality of proofs suffice to establish that the offenses were 'connected together' for the purposes of Rule 8(a)." 493 F.2d at 1159. Here, the government contends that all of the counts are based on the same acts or transactions. The conspiracy to violate export control and money laundering laws, as well as the false statements made to avoid detection, served as a basis for these charges. In order to understand the materiality of the statements, the jury will have to hear the evidence of the transactions themselves. I therefore conclude that Count 9 is sufficiently connected with Counts 1 through 8 to satisfy the requirements of Rule 8(a).

Wen next argues that severance should be granted because joinder is prejudicial. For this argument, Wen relies on *United States v. Pacente*, 490 F.2d 661 (7th Cir. 1973). In *Pacente*, a Chicago police officer allegedly solicited money from a liquor store owner to prevent the store owner from being arrested for selling liquor to a minor. The store owner made a check out to cash and the check was cashed at a bar near the store owner's home. The defendant testified under oath before the grand jury that he did not receive the check. His testimony was contradicted and the grand jury returned an indictment for extortion and perjury. The defendant moved for severance of the false declaration charge from the substantive extortion charge, but that motion was denied. On appeal, the Seventh Circuit reversed, holding that the false declaration count had the effect of

5

informing the petit jurors that the grand jurors disbelieved the defendant's testimony when he denied committing the extortion. 490 F.2d at 664. Wen argues that the same principle applies here.

What Wen fails to note, however, is that the Seventh Circuit reheard *Pacente en banc* and the following year reversed the panel's decision. *See United States v. Pacente (Pacente II)*, 503 F.2d 543 (7th Cir. 1974). In *Pacente II*, the court held that the trial court's decision not to sever the two charges did not constitute an abuse of discretion and affirmed the underlying conviction. Thus, *Pacente* provides no support for defendant's request for severance. In addition to the fact that *Pacente* has been overruled, this case is distinguishable in that Wen is not facing a charge of perjury to a grand jury. He is facing a charge of lying to an FBI agent. Thus, the reason for the potential prejudice that concerned the panel in *Pacente I* is not even present. I find no danger of unfair prejudice in a single trial for all nine counts.

In sum, I conclude that Wen's motion to dismiss or, in the alternative, to strike a portion of Count 9 should be **DENIED**. His motion to sever is also **DENIED**.

**SO ORDERED.**

Dated this __2nd__ day of September, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
