# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Case No. 04-CR-241

NING WEN, et al,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
TO DENY MOTION TO DISMISS COUNT ONE AS MOOT**

    Defendant Ning Wen is charged in a nine-count indictment with violating United States' law by exporting restricted items to the People's Republic of China, making false representations about the value of the exported shipments, money laundering, and making false statements to agents of the Federal Bureau of Investigation in conjunction with the investigation. Among the pretrial motions filed by Wen was a motion to dismiss Count One, which alleged a conspiracy to violate export restrictions, or in the alternative to strike portions of the count. Wen claimed that he had served as a Consular Officer for the Peoples Republic of China (PRC) during a portion of the time period over which the conspiracy is alleged to have run and was therefore entitled to diplomatic immunity for some or all of the conduct included in the count.

    As is the practice in this district, the motions were referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). On August 24 2005, Magistrate Judge Aaron E. Goodstein issued his recommendation that the motion be denied as moot. The recommendation was based on

the fact that the government had returned to the grand jury and obtained a superseding indictment that narrowed the time period for the conspiracy alleged in Count One so that it now covers a period that is completely outside the time when Wen served as a Consular Officer for the PRC.

The ten days allowed for the filing of written objections to the proposed findings and recommendation of the magistrate judge have passed and no objections have been filed. If no objection or only a partial objection is made, the district court judge reviews the unobjected-to portions of a magistrate judge's recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The clear error standard means that I can overturn the magistrate judge's ruling only if I am "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, I am satisfied from my review of the magistrate judge's recommendation that he did not commit clear error. I therefore accept the recommendation and adopt the findings of fact and conclusions of law set forth therein as my own.

Dated this 6th day of September, 2005.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

2

Case 1:04-cr-00241-WCG   Filed 09/06/05   Page 2 of 2   Document 232