# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

     v.                             Case No. 04-CR-241

NING WEN,

          Defendant.

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DEFENDANT'S ACTS WHILE SERVING AS SCIENCE CONSUL FOR THE CHINESE CONSULATE

Defendant Ning Wen is charged with conspiracy to violate various export restrictions in the shipment of items to the People's Republic of China. The nine-count indictment also charges Wen with various related export and money laundering violations and with making a false statement to an FBI agent in connection with the investigation. On September 2, 2005, Wen filed a motion to preclude the government from introducing evidence of his conduct relating to the time period prior to March 16, 1992, during which time Ning Wen enjoyed full consular immunity from the criminal jurisdiction of the United States. Wen also seeks to exclude evidence of his alleged statement understating his personal income during the relevant time period and his letter of resignation from his position at the Chinese Consulate in 1992.

The original conspiracy charge against Wen covered a time period that included a portion of the time during which he was serving as a consular officer for the People's Republic of China. In response to Wen's motion to dismiss all or a portion of the conspiracy charge on grounds of

diplomatic immunity, the government filed a superseding indictment in which it narrowed the time period during which the conspiracy is alleged to have occurred. The charge now excludes from coverage any period of time during which Wen served as a consular officer. In his motion in limine, however, Wen seeks to prevent the government from introducing any evidence of acts he is alleged to have undertaken while he was still a consular official. He claims that admission of such evidence would violate his right to diplomatic immunity under the Consular Convention between the United States and the People's Republic of China, U.S.-P.R.C., 33 U.S.T. 2973 (Sept. 17, 1980) (the "Bilateral Convention").

Article 13(1) of the Bilateral Convention states "members of the consulate and their family members shall be immune from the criminal jurisdiction of the receiving state," i.e., the United States. Of course, Wen is no longer a member of the Chinese Consulate, having resigned his office on March 15, 1992, and having since become a United States citizen. Wen claims that the immunity from criminal prosecution granted under the Bilateral Convention for actions taken by him in connection with his duties continues indefinitely, and the government does not dispute his contention. It was for that very reason that the government sought a third superseding indictment limiting the conspiracy charge to the period after he left the consulate. The government argues, however, that evidence of Wen's conduct prior to his resignation is relevant to the conspiracy charge in that it shows his knowledge of the export restrictions and the beginning of his relationship with co-defendant Jian Guo Qu, which later blossomed into the charged conspiracy.

I conclude that Wen's motion to exclude such evidence should be denied. The treaty provisions Wen relies upon do not support his argument that such evidence is inadmissible. The Bilateral Convention provides diplomatic immunity for actions taken as a consular official; it does

2

not create an evidentiary privilege that renders evidence of such conduct inadmissible at trial for crimes committed by one who is no longer a consular official. Wen is not immune from prosecution for crimes he committed after he left his position at the Chinese Consulate. Evidence that is relevant to such crimes is admissible, even if it involves actions for which Wen could not be prosecuted.

Wen claims that Article 13(6) of the Bilateral Convention contains such a privilege. That provision reads:

> Members of the consulate are under no obligation to give evidence concerning matters relating to the exercise of their official function or to produce official correspondence or documents. They are also entitled to decline to give evidence as expert witnesses with regard to the law of the sending state.

In this case, the government is not forcing Wen to give evidence relating to his official functions. Instead, the government seeks to introduce evidence already in its possession regarding Wen's acts prior to March 16, 1992, the date on which he resigned from the consulate. That evidence is offered to show Wen's knowledge of export license requirements and to demonstrate the beginning of the business relationship between Wen and Qu, his co-defendant. The evidence has clear relevance to the charges Wen is facing and, absent a clear rule prohibiting the use of such evidence, Wen's motion must be denied.

Wen also seeks to exclude evidence of his resignation letter and understated personal income. In the letter, Wen refers to a desire to continue to serve his country. Given the cold war issues between the United States and the People's Republic of China during this period of time, Wen argues that the letter's minimal probative value is substantially outweighed by its unfair

3

prejudice. It's introduction, he claims, will unfairly prejudice a jury to think that he was a communist agent.

Wen is charged with violating export restrictions on goods shipped to the People's Republic of China. The items that he shipped allegedly have potential military use for the PRC. While not essential to guilt, the government presumably will attempt to establish possible motive Wen had for involving himself in such conduct. Two possible motives arise: One is financial and the other is love for the country of one's birth. The letter may be relevant to whether Wen was motivated by loyalty to his country of origin. While certainly not determinative of the issue, it clearly bears some relevance. The government does not argue relevance on this basis, however, and it is not possible to assess the potential prejudice on the record as it now stands. In addition, Wen argues that the government is unable to authenticate the letter. Accordingly, this issue will remain under advisement and the government will not present the letter or comment concerning it absent a further ruling by the court.

Wen also seeks to prevent the government from introducing evidence that he allegedly understated his income in the 1990's. He claims that such evidence is irrelevant since it does not make it more or less likely that he was involved in a conspiracy to violate the export regulations. Depending on the amount of the understatement, however, Wen's alleged understatement of income may be relevant to count nine, the charge of making false statements to an FBI agent. In addition, it may be relevant to the conspiracy count in that it supports the government's theory that Wen was attempting to understate his income so as to avoid detection. Again, its relevance will depend upon the amount by which Wen actually understated his income. Slight discrepancies are not likely to be relevant and may be unduly prejudicial. Because the extent to which the government claims Wen

4

understated his personal income is not clear on the record before me, I will withhold ruling on this issue as well. The government will refrain from presenting evidence or argument on the issue absent further ruling from the court.

For the reasons stated above, the motion to preclude evidence of Wen's acts while he was science officer for the Chinese Consulate (docket # 224) is denied. The motion to exclude evidence of his resignation letter and his alleged understatement of his personal income (docket # 227) will remain under advisement pending a more complete record.

**SO ORDERED**.

Dated this __12th__ day of September, 2005.


s/ William C. Griesbach _____
William C. Griesbach
United States District Judge

5